IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SAMUEL CURRY, JR.,                    :
      Petitioner,                    :
                                     :
                                     :       CIVIL. ACT. NO.: 17-427-WS-N
vs.                                   :       CRIMINAL. NO. 15-0137-WS-N
                                     :
UNITED STATES OF AMERICA,             :
      Respondent.                    :
                                     :

<u>REPORT AND RECOMMENDATION</u>

Samuel Curry, Jr. ("Curry" or "Petitioner"), a federal prisoner proceeding *pro se*,

has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255

(Doc. 85)[1]. The Court has referred the petition to the undersigned Magistrate Judge who,

under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to

show cause and any other orders necessary to develop a complete record, and to prepare a

report and recommendation to the District Judge as to appropriate disposition of these

proceedings brought under 28 U.S.C. § 2255, in accordance with 28 U.S.C. § 636(b)(1)

and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United

States District Courts. *See* S.D. Ala. GenLR 72(b); (3/20/2017 electronic referral).

The United States has timely filed a response (Doc. 87) in opposition to Curry's §

2255 motion, to which Curry has not responded.[2]  The motion is now under submission

for determination of whether expansion of the record and/or an evidentiary hearing is

---

[1]    All "Doc." citations herein refer to the docket of the above-styled criminal action.

[2]    Petitioner has filed a Motion for Summary Judgment, wherein he argues pursuant
to Rule 56 of the *Federal Rules of Civil Procedure* that the government has failed to carry
its burden of proof in establishing the elements essential to its case.  (Doc. 89).  It is
recommended that the motion be **DENIED**, as this rule is not applicable to a judgment in
a criminal case.

warranted.  *See* Rules 7 and 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Having reviewed the parties' submissions in accordance with Rule 8(a) of the Rules Governing Section 2255 Proceedings, the undersigned finds that neither expansion of the record nor an evidentiary hearing is not warranted and **RECOMMENDS** that Curry's § 2255 motion (Doc. 85) is due to be **DISMISSED** with prejudice.

The undersigned further **RECOMMENDS** that Curry's Motion for Summary Judgment (Doc. 89) is due to be **DENIED**.

**I.  Background**.

On June 25, 2015, a federal grand jury indicted Curry for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  After pleading not guilty to the charge, Curry proceeded to trial, where he was found guilty and sentenced to 84 months' imprisonment on February 16, 2016.  The district court imposed this sentence after assessing both a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony and a two-level enhancement pursuant to § 3C1.1 for obstruction of justice.

Curry appealed his conviction and sentence raising three arguments.  First, he claimed insufficient evidence to support the jury's finding that he constructively possessed the firearm.  Second, he claimed that the district court erred in assessing the § 2K2.1(b)(6) enhancement because: (1) the information contained in the Presentence Investigation Report ("PSR") was not presented or admitted during the trial, and (2) the district court used facts relating to a white powder seized from his vehicle to apply the enhancement even though the government agreed not to pursue inquiry into the substance

2

at trial. Third, he claimed the district court erred in assessing the obstruction of justice enhancement simply because the jury discredited his testimony. On February 9, 2017, the Eleventh Circuit Court of Appeals affirmed the decision of the district court in an unpublished opinion (Docs. 82-83), and the United States Supreme Court denied writ of certiorari on June 12, 2017. (Doc. 84).

Curry timely filed the instant petition, a Motion to Vacate, Set Aside, or Correct Sentence (Doc. 85), pursuant to 28 U.S.C. § 2255, on September 19, 2017,[3] challenging trial counsel's assistance in four respects: (1) that counsel failed to request the police "dashcam" video, (2) failed to object to the obstruction of justice enhancement, (3) failed to argue that the firearm could have been co-defendant's, and (4) failed to object to the weapon lacking the elements of a firearm pursuant to 26 U.S.C. § 5845.

## II.    Legal Standards.

### a.    § 2255 Motion.

Title 28 U.S.C. § 2255 "permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215-16 (11th Cir. 2014). Specifically, § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence ... If the

---

[3]    28 U.S.C. § 2255(f); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971, 121 S. Ct. 410, 148 L. Ed. 2d 316 (2000) (discussing the timeliness of filing under § 2255).

> court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a)-(b).

"Once the defendant's chance to appeal has been waived or exhausted," a court is "entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). "[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (citing *Frady*, 456 U.S. at 165 (collecting cases)). "Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* at 1232 (internal citations, quotations, and footnote omitted).

> Once a petitioner files a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." [28 U.S.C.] § 2255(b). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Aron*[ *v. United States*], 291 F.3d [708,] 715[ (11th Cir. 2002)] (quoting *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989)). "[A] petitioner need only *allege*—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.* at 715 n.6. However, a district court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted

by the record." *Holmes*, 876 F.2d at 1553 (quoting *United States v. Guerra*, 588 F.2d 519, 520-21 (5th Cir. 1979)); *see, e.g., Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) ("Because the ... affidavits submitted by Lynn amount to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

*Winthrop-Redin*, 767 F.3d at 1216 (footnote omitted). *Accord, e.g., Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015). The Court must "liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2255." *Winthrop-Redin*, 767 F.3d at 1215.

### b. Ineffective Assistance of Counsel

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. CONST., amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "To establish an ineffective assistance of counsel claim, a defendant must show that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (per curiam) (quoting *Strickland*, 466 U.S. at 687-88, 694). "'Conclusory allegations of ineffective assistance are insufficient.'" *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). "Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa." *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (citation omitted). *See also Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) ("A habeas petitioner

claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the defendant has made an insufficient showing on one.").

In evaluating the first, or "performance," prong of *Strickland*, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland,* 466 U.S. at 689. Because retrospective evaluation of a lawyer's performance can be difficult, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that ... the challenged action might be considered sound trial strategy." *Id*. (internal quotations omitted). A petitioner must identify specific acts or omissions that were not the result of reasonable professional judgment, and a court should deem these acts or omissions deficient only if they "were outside the wide range of professionally competent assistance." *Id*. at 690. Simply put, the deference afforded an attorney's decision is great and the bar for proving a Sixth Amendment violation is high. In light of the "strong presumption in favor of competence," we have held that in order to prove deficient performance, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

> Under the second, or "prejudice," prong of *Strickland*, a petitioner must "affirmatively prove prejudice" by showing that counsel's errors "actually had an adverse effect on the defense." 466 U.S. at 693, 104 S. Ct. at 2067. This requires a showing of more than "some conceivable effect on the outcome of the proceeding." *Id*. Instead, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S. Ct. at 2068. Although this standard is difficult to meet, it is significant that a petitioner must show only a

reasonable probability that the outcome would have been different; he "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id*. at 693, 104 S. Ct. at 2068. When evaluating this probability, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id*. at 695, 104 S. Ct. at 2069.

*Brownlee v. Haley*, 306 F.3d 1043, 1059-60 (11th Cir. 2002).

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). Indeed, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Id*. at 504. *See also United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013) ("An ineffective assistance claim should usually be raised in a motion under 28 U.S.C. § 2255." (citing *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010))), *cert. denied*, 134 S. Ct. 962, 187 L. Ed. 2d 822 (2014).

## III.    Analysis.

As previously discussed, Curry raises four ineffective assistance of counsel claims as grounds for relief. These claims are addressed in turn.

### 1.    Counsel failed to Investigate Mitigating Evidence.

Petitioner Curry asserts that his trial counsel was ineffective for failing to investigate mitigating evidence, specifically the dashboard camcorder video from the arresting officer's patrol car, and for failing to move to suppress the firearm discovered during Curry's arrest. In this Circuit, it is clear that "when a lawyer fails to conduct a substantial investigation into any of his clients' plausible lines of defense, the lawyer has failed to render effective assistance of counsel." *House v. Balkcom,* 725 F.2d 608, 617-

18 (11th Cir.), *cert. denied,* 469 U.S. 870, 105 S. Ct. 218, 83 L. Ed. 2d 148 (1984);

*Goodwin v. Balkcom,* 684 F.2d 794, 805 (11th Cir. 1982) (Failure to investigate evidence

that will be helpful to the defense has been determined to be an indication of ineffective

assistance of counsel.). However, an ineffective assistance of counsel claim is examined

under the "totality of the circumstances," *House, supra,* 725 F.2d at 615, with Petitioner

bearing the burden of showing that his attorney's performance "fell below an objective

standard of reasonableness and alleging with specificity what the investigation would

have revealed and how it would have benefitted him. *United States v. Green*, 882 F.2d

999, 1003 (5th Cir. 1989).

> According to Curry:
>
> [the dashcam video] could have impeached the officer's testimony.  As
> well as shown that defendant was actually innocent. Had counsel moved to
> suppress the gun or sought review of the dashcam.  The trial could have
> been different and jurist of reason would have debated that the gun was
> not defendant's."

(*Id.*).  Curry, however, provides no evidence that a "dashcam" video actually exists or

existed nor does he detail factually what the video would have shown.  Curry further fails

to articulate how the video evidence would have impeached the testimony of the

officer(s) or how it would have proven his innocence.  Likewise, Curry presents no

factual or legal grounds upon which suppression of the gun would have been granted.  All

in all, Curry's claim is merely conclusory in nature.

While courts liberally construe *pro se* filings, the court cannot make assumptions

as to the intent of a petitioner's claims raised or advocate on a petitioner's behalf.  *Haines*

*v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Walker v. Dugger*, 860

F.2d 1010, 1011 (11th Cir. 1988) (conclusory claims will not be treated as properly

raised). "[V]ague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Id*. (citing *Tejada v. Duggar*, 941 F.2d 1551, 1559 (11th Cir. 1991); *see also, Saunders v. United States*, 278 F. App'x 976, 979 (11th Cir. 2008) (Petitioner must allege "reasonably specific, non-conclusory facts with respect to his claim such that there was a reasonable probability sufficient to undermine confidence in the outcome."). Petitioner Curry has failed to present evidence to show that further investigation by trial counsel would have revealed material evidence such that a reasonable probability exists that the outcome of the proceeding would have been different but for his trial counsel's failure to request the dashcam video from the patrol car. Curry has also failed to provide any factual basis or legal argument as to why trial counsel should have moved to suppress the weapon. Thus, the undersigned can find no prejudice to the outcome of Curry's trial. Consequently, there is no need to address whether trial counsel's performance was deficient, and Curry's ineffective assistance Claim One fails.

### 2. Counsel failed to Object to the § 3C1.1 Sentence Enhancement.

The record before the court reveals that Curry received a two-point sentencing enhancement pursuant to § 3C1.1, after finding that Curry offered testimony at trial which was not credible and was offered only "to try and dissuade the jury from convicting him." (Doc. 81 at 13-14).

The Sentencing Guidelines state :

(1) If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a

closely related offense, increase the offense level by 2 levels. U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 (2016). In the instant petition, Curry asserts that the trial court failed to make the requisite "generalized findings" for assessing the enhancement; thus, trial counsel was ineffective for failing to object to the same. (Doc. 85-1 at 4). The undersigned, however, finds this claim to be without merit.

First, the record belies Curry's claim that counsel failed to object to the obstruction enhancement, showing instead that trial counsel filed a written objection to the Presentence Investigation Report (Doc. 52) and orally objected at the sentencing hearing.[4] (Doc. 81 at 10). Second, the record reveals that sufficient findings were made by the trial court before assessing the § 3C1.1 enhancement.

According to the commentary to § 3C1.1, committing perjury is an example of the conduct to which the enhancement applies, as is "providing materially false information to a judge or magistrate judge." U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 cmt. n.4(B), (F) (2016). The commentary further states that "material" evidence is defined as "fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." § 3C1.1 cmt. n.6. While holding "that the threshold for materiality under the commentary to § 3C1.1 is conspicuously low," *United States v. Odenina*, 980 F.2d 705, 707 (11th Cir. 1993) (quotation omitted), the Eleventh Circuit has stated that "district court[s] should make specific findings as to each alleged instance

---

[4]    The transcript from the sentencing hearing reads:

> Judge, my other objection is to the inclusion of the two points for obstructing justice. Obviously, my client took the witness stand and, obviously, the jury did not believe him. However, he will - - I, on his behalf, will stand by the veracity of his testimony.

(Doc. 81 at 10).

of obstruction by identifying the materially false statements individually" when applying the enhancement. *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (quotations and alterations omitted). However, general findings may suffice if the findings include the necessary elements for a perjury finding, that is testimony which is: (1) made under oath, (2) false, (3) material, and (4) "given with the willful intent to provide false testimony and not as a result of mistake, confusion, or faulty memory." *Id.* at n.4. Notably, "[w]here the district court has to make a particularized assessment of the defendant's credibility or demeanor in determining whether U.S.S.G. § 3C1.1 applies, such as when applying the obstruction-of-justice enhancement for perjury, ... special deference [is accorded] to the district court's credibility determinations. . . ." *United States v. Banks*, 347 F.3d 1266, 1269 (11th Cir. 2003).

In reviewing the assessment of Curry's enhancement on appeal, the Eleventh Circuit determined:

> The district court did not clearly err in finding that Curry willfully testified untruthfully at trial where his testimony differed substantially from that of officers Kelley and Roberson with respect to material facts like whether he and Smith were handcuffed, which patrol car or cars he and Smith were placed in, how thorough Curry's *Terry* search was, and how much time had passed before Officer Roberson arrived.

(Doc. 82 at 14). A reading of the trial transcript reveals that Curry's testimony significantly differed not only from the arresting officers' testimony, as discussed by the appellate court, but also from his codefendant's testimony regarding the order of events and length of time period they were in the patrol car(s). Additionally, the district court stated at the sentencing hearing, in overruling the § 3C1.1 objection:

> With regard to the objections, having heard the evidence and viewed the evidence as produced in document form, with regard to the - - I'll start with the obstruction of justice. I heard Mr. Curry's testimony along with

11

> the jury. I did not find it credible. I found it to be offered to try to dissuade the jury from convicting him and, obviously, it falls within the guidelines. So with regard to that objection, it's overruled, and I'll allow for the two-point enhancement.

(Doc. 81 at 13-14). By discrediting Curry's under oath testimony regarding material facts of the case and qualifying that the testimony was provided for the purpose to dissuade the jury, the district court established the needed elements of perjury and maintained the findings were based on the sufficiency of the record. As such, no additional factual findings are necessary. *See United States v. Tran*, 171 F. App'x 758 (11th Cir. 2006) (Detailed findings were not necessary to assess § 3C1.1 enhancement given the sufficiency of the record). Furthermore, the district court stated upon sentencing Curry:

> And given all of the factors that I've considered, it's the judgment of the Court that a sentence of 84 months will satisfy the sentencing objectives set forth in the statute, a sentence that's sufficient but not more than necessary to accomplish those sentencing objectives. And that's the sentence that I would impose regardless of my rulings on the objections made here today.

(Doc. 81 at 16). "[W]hen a district court expressly states that it would have imposed the same sentence even without the sentencing enhancement, it is unnecessary for [courts] to review the enhancement issue." *United States v Perez*, 373 F. App'x 34 (11th Cir. 2010) (citing United States v. Keene, 470 F.3d 1347, 1348-49 (11th Cir. 2006) (Explaining that "a decision either way will not affect the outcome of this case", so there can be no prejudice.). For these reasons, Curry has failed to allege facts indicating that his desired objection to § 3C1.1's enhancement had any merit, and "[a] lawyer cannot be deficient for failing to raise a meritless claim..." *Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008). *See also, e.g., Brownlee*, 306 F.3d at 1066

("Counsel was not ineffective for failing to raise these issues because they clearly lack merit."); *United States v. Bridgewater*, No. 3:07CR58/MCR/CJK, 2014 U.S. Dist. LEXIS 122085, 2014 WL 4354425, at *5 (N.D. Fla. Sept. 2, 2014) ("It is []well-established that counsel is not ineffective for failing to preserve or argue a meritless claim." (collecting cases)).  Accordingly, Curry has failed to show that trial counsel performed deficiently under *Strickland*, and his § 2255 motion is due to be denied.

### 3.  Counsel failed to Object to the Sufficiency of Evidence.

Petitioner Curry next argues in his Motion to Vacate Set Aside, or Correct Sentence under 28 U.S.C. § 2255 that trial counsel was ineffective for failing to argue that he did not possess the firearm because the gun actually belonged to the co-defendant, James Smith. (Doc. 85-1 at 5).  Curry contends "[e]vidence that the firearm was [Curry's] only rests on the officer's conclusion, which is an assumption."  (*Id*.).  This argument is without merit.

In his direct appeal of this case, Curry likewise argued that the evidence was insufficient to sustain his conviction of possession of a firearm, and the Eleventh Circuit disagreed, and stated as follows:

> As for the possession element [of 18 U.S.C. § 922(g)(1)] – the only disputed element at Curry's trial – the defendant's possession can be either actual or constructive and can be proven by direct or circumstantial evidence. [*United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004)]. However, "[m]ere physical proximity to [a firearm] is not in itself sufficient to establish either actual or constructive possession of the [firearm]." *United States v. Rackly*, 742 F2d 1266, 1272 (11th Cir. 1984).

(Doc. 82 at 9).

The appellate court then recited the evidence supporting Curry's conviction as including:

> [Officer Kelley's testimony] that (1) he thoroughly checked the backseat of his patrol car every day before starting his shift, each time he placed someone in his car, and at the end of his shift; (2) on the day Curry was arrested, Kelley conducted this same check before starting his shift and had no other back-seat passengers before Curry; (3) he conducted a brief *Terry* search on Curry while Curry was wearing a thick leather jacket and then, without handcuffing, placed Curry in the driver's side back seat of Kelley's patrol car, and (4) as Officer Roberson was about to place Smith in Kelley's patrol car, Roberson reported to Kelley that he saw the firearm wedged in between the backseat partition and the doorjamb. Officer Roberson's testimony corroborated these details and the government also submitted photographs of the passenger's side back seat of Officer Kelley's car. This evidence supports a reasonable inference that Curry had actually possessed the firearm at the time of the stop.
>
> Further, the jury was entitled to reject Smith's and Curry's testimony that the *Terry* frisk was thorough, that they were handcuffed, that they both sat in Officer Kelley's car for a period of time, and that Curry never possessed the firearm. *See Wright*, 392 F.3d at 1273-74. Viewing the evidence in the light most favorable to the government and drawing all reasonable factual inferences in favor of the jury's guilty verdict, reasonable triers of fact could find beyond a reasonable doubt that Curry had the firearm on his person before being placed in Officer Kelley's car.

(Doc. 82 at 9-10).

Under the "law of the case" doctrine, both the district court and the appellate court are "bound by findings of fact and conclusions of law" that were "made in a prior appeal of the same case unless one of the following exceptions applies: (1) new evidence is presented, (2) there has been an intervening change in controlling law, or (3) the prior appellate decision is clearly erroneous and would result in manifest injustice if implemented." *United States v. Lynn*, 385 F. App'x 962, 965-66 (11th Cir. 2010) (unpublished) ; *accord United States v. Howard*, 372 F. App'x 978, 979 (11th Cir. 2010) (unpublished). "The doctrine operates to preclude courts from revisiting issues that were

decided explicitly or by necessary implication in a prior appeal." *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009) (citations omitted); *see also United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.") (internal brackets, quotation marks and citation omitted); see also *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012) ("At least where there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a § 2255 proceeding.").

In this case, the facts related to Curry's possession of the firearm and the Court's conclusion related to the sufficiency of the evidence to support Curry's conviction have been established by the appellate court and will not be revisited by this Court on habeas. *See United States v. Hinton*, 2010 U.S. Dist. LEXIS 129741, 2010 WL 5071050, *6 (S.D. Ala. 2010) ("Consequently, any claim by [Petitioner] regarding the sufficiency of the evidence is barred from reconsideration, even if couched as a claim of ineffective assistance of counsel."). Thus, to the extent that Curry attempts to now argue, via an ineffective assistance of counsel claim, that the evidence related to his possession of the firearm was insufficient to support his conviction, that argument is foreclosed by the law of the case doctrine.

Furthermore, even if not precluded by this doctrine, Curry's ineffective assistance of counsel claim fails for lack of evidence that Petitioner was prejudiced by counsel's alleged deficiency. Assuming that counsel had argued that the firearm was actually Smith's, there was ample evidence, presented to the jury, that Curry had possession of the firearm, as recited by the appellate court in its memorandum opinion. It is clear from the

trial transcript that the jury was offered the testimony of the arresting officers as well as Curry and Smith. Curry and Smith testified that they were seated in the back of Officer Kelley's patrol car together for an undisclosed period of time.[5] By this testimony, the jury had the opportunity to judge the credibility of the witnesses, to question which defendant possessed the gun (Curry or codefendant Smith), and the jury found the officers' testimonies were more credible. This determination thereby eliminates the possibility that the firearm could belong to anyone but Curry, because according to the officers, only Curry had been placed in the patrol car at the time the firearm was seized. Because the jury was presented with the testimony of Curry and his codefendant, Smith, and the record confirms the jury found the testimony of the officers to be more credible, Curry has failed to show that the outcome of his trial would have been different if counsel had argued the firearm was Smith's. Thus, Curry has not suffered any prejudice as a result of counsel's alleged deficiency and for this reason as well, his habeas Claim Three is due to be denied.

---

[5]    Petitioner Curry and James Smith testified that they were placed and held in the backseat of Officer Kelley's patrol car. (Doc. 81 at 101-103). The defendants' factual recounting of the arrest, however, differs in the posited details.
     According to Smith, Smith was seated in Curry's vehicle while Curry was frisked and placed in Officer Kelley's patrol car. (*Id*.). Then, Officer Roberson was assisted by Officer Kelley in frisking him and placing him in the back of Kelley's patrol car. (*Id*.). Smith claims he was subsequently removed from Officer Kelley's patrol car and placed in Officer Roberson's patrol car, which was parked behind Kelley's. (*Id*. at 103). Smith stated that when Officer Roberson went back to close Kelley's patrol car door, Smith saw Officer Roberson reach down inside the pocket of the door and pull something out. (*Id*.).
     Curry, on the other hand, testified that he and Smith were placed in the back of Officer Kelley's patrol car together before Officer Roberson arrived at the scene and while the officers searched Curry's vehicle. (*Id*. at 158-159). Curry claims when Officer Roberson opened Officer Kelley's patrol car door to let Smith out and escort Smith to Officer Roberson's patrol car, Officer Roberson noticed a gun pushed between the seat. (*Id*. at 159).

**4. Counsel failed to Object to the Lack of Subject Matter Jurisdiction over the firearm pursuant to the National Firearms Act.**

Curry challenges that the Hi-Point model JCP, .40 caliber pistol, serial number X780793, for which he was convicted of possessing in violation of Title 18, United States Code, Section 922(g)(1) fails to fall within the definition of a "firearm" under the National Firearms Act and that trial counsel was, therefore, ineffective for failing to object to the court's jurisdiction regarding the charge. (Doc. 85-1 at 6; Doc. 1).

The National Firearms Act ("the Act") was originally enacted by Congress as an exercise of its taxing authority, but the Act has an underlying purpose to curtail the transaction of firearms which are used in criminal activities. 26 U.S.C. §§ 5801 *et seq*.; Gun Control Act of 1968, H.R. 17735, 90th Cong. (2nd Sess. 1968). Keeping with the purpose of the statute, the Act regulates only those weapons most characteristically used in the commission of crimes. Accordingly, the Act defines a firearm as:

> (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer …; and (8) a destructive device. The term 'firearm' shall not include an antique firearm . . . .

26 U.S.C. § 5845(a).

Curry's argument lacks merit in that he was not convicted pursuant to the National Firearms Act but rather in violation of 18 U.S.C. § 922(g)(1), which defines a firearm as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive…." 18 U.S.C.

921(a)(3).  "The Title 18 definition is lucidly inclusive of all the common weapons of the

sportsman and householder."  *United States v. Schofer*, 310 F. Supp. 1292, *1296 (E.D.

N.Y 1969).  No doubt, a handgun qualifies as a firearm under § 922(g), and trial counsel

was not ineffective for failing to raise a meritless argument.  *Brownlee v. Haley*, 306

F.3d 1043, 1066 (11th Cir. 2002) ("Counsel was not ineffective for failing to raise these

issues because they clearly lack merit.").  Consequently, Curry is not entitled to relief on

Claim Four.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the

undersigned **RECOMMENDS** that a Certificate of Appealability be **DENIED** for

Curry's § 2255 motion.  18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue

or deny a certificate of appealability when it enters a final order adverse to the

applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal

a district court's denial of his habeas corpus petition only where a circuit justice or judge

issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of

appealability may only issue where "the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Where the district court "has rejected the constitutional claims on the merits, the

showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146

L. Ed. 2d 542 (2000).  *See also Miller-El*, 537 U.S. at 336 ("Under the controlling

standard, a petitioner must show that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

"A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). The undersigned finds that reasonable jurists could not debate whether Mitchell's § 2255 motion to vacate should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further. Insofar as the undersigned has recommended dismissal of certain claims as procedurally barred, the undersigned also finds that jurists of reason would not find such a procedural ruling debatable. Accordingly, Mitchell is not entitled to a Certificate of Appealability on any of his claims.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 U.S. Dist. LEXIS 54587, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report &*

*recommendation adopted*, 2011 U.S. Dist. LEXIS 54465, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 U.S. Dist. LEXIS 106920, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 U.S. Dist. LEXIS 106921, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## V. Appeal *In Forma Pauperis*.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 U.S. Dist. LEXIS 92119, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ. A. No. 11-00152-WS-N, 2012 U.S. Dist. LEXIS 92115, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla.

1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous').  An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).").  *But see, e.g., United States v. McCray*, No. 4:07CR20-RH, 2012 U.S. Dist. LEXIS 48199, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Considering the foregoing analysis, the undersigned recommends the Court certify that any appeal by Petitioner in this action would be without merit and therefore not taken in good faith and, accordingly, find that Petitioner is not entitled to appeal *in forma pauperis*.

**VI.    Conclusion**

In accordance with the foregoing analysis, it is **RECOMMENDED** that Curry's § 2255 motion (Doc. 85) be **DENIED** and all claims (listed in Grounds One, Two, Three and Four of the petition (Doc. 85-1 at 2-6)) be **DISMISSED** with prejudice.  Should that recommendation be adopted, it is further **RECOMMENDED** that Curry be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

It is further recommended that Petitioner's Motion for Summary Judgment (Doc.

89), brought pursuant to Rule 56 of the *Federal Rules of Civil Procedure* be **DENIED.**

## VII.     Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c) (effective Aug. 1, 2015).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this the 24<u>th</u> day of August 2018.


<u>/s/ Katherine P. Nelson</u>
**UNITED STATES MAGISTRATE JUDGE**