IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL CURRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 15-0137-WS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Samuel Curry's *pro se* filing styled "Motion of Reconsideration for Compassionate Release Under 18 U.S.C. 3582(c)(1)(A) (Application Note 1(D) Other Reason)" (doc. 103). The Motion has been briefed.

On September 29, 2020, the undersigned entered an Order (doc. 102) denying Curry's Motion for Compassionate Release. Specifically, the Court found that Curry had not made a showing of extraordinary and compelling reasons warranting early release or home confinement for the remainder of his 84-month sentence. Among the factors informing that determination were, *inter alia*, that "[a]ll information before the Court suggests that Curry does not suffer from any medical conditions that would place him at a heightened risk of contracting COVID-19" and the most recent data furnished by the Bureau of Prisons did not reflect an active outbreak of the virus at FCI Yazoo City Medium, where Curry is housed. (Doc. 102, PageID.953.)

In his Motion to Reconsider, Curry states that circumstances have changed in the interim. In particular, he notifies the Court that there is an active COVID-19 outbreak at Yazoo City Medium in the same unit where Curry is assigned. Curry indicates that he is confined to his cell for 24 hours per day with no showers, medical attention or exercise. He says that he suffers from asthma, that many inmates in his unit have tested positive for COVID-19, and that he is eligible for transfer to a halfway house as early as February 17, 2021. In light of these circumstances, Curry requests reconsideration of his Motion for Compassionate Release "due to the outbreak of the coronavirus happening now in his unit at FCI Yazoo City Medium." (Doc. 103, PageID.958.)

The information before the Court confirms that there is indeed an ongoing active COVID-19 outbreak at FCI Yazoo City Medium at this time. Current BOP data reflects that there are 133 inmates at that facility with positive COVID tests as of December 9, 2020. By all appearances, however, the coronavirus outbreak at Curry's facility has been contained and stabilized; indeed, on November 25, 2020, the BOP reported 134 active cases of COVID-19 in the Yazoo City Medium inmate population (*see* doc. 104), as compared with the 133 active cases reported by BOP on December 9, 2020. There do not appear to be rampant, or even substantial, new infections occurring at that facility. Simply put, the Court has no information suggesting that the COVID-19 outbreak that appears to have occurred at FCI Yazoo City Medium in early November 2020 is becoming worse or is otherwise out of control; to the contrary, the stringent quarantine measures taken by prison officials as described by Curry in his Motion to Reconsider appear to have been effective in stopping the spread and safeguarding inmates like Curry.

Moreover, the Court lacks any information that Curry faces a heightened risk of contracting a serious case of COVID-19 at present. Prison records reflect that Curry was placed into COVID-19 quarantine on October 28, 2020, and that he tested negative for the virus on October 30, 2020. (Doc. 105, PageID.986.) Medical records filed under seal reflect that prison medical personnel monitored Curry on a daily or almost-daily basis through the entire month of November and consistently reported that Curry displays (and complains of) no signs or symptoms of COVID-19. (Doc. 107, PageID.996-97, 1000-17.) Thus, it appears that Yazoo City Medium officials have taken timely and effective measures to quarantine Curry during the outbreak and have successfully protected him from any further exposure to the virus. And the Court still has no information to suggest that Curry's documented underlying medical conditions are of the type or severity to exacerbate his risks of contracting a serious case of coronavirus.

For these reasons, the Court finds that the information and arguments presented in Curry's latest filing do not warrant a different result than that reached in the September 29, 2020 Order denying his Motion for Compassionate Release. Accordingly, upon careful consideration and in the exercise of the Court's discretion, Curry's Motion for Reconsideration (doc. 103) of the September 29 Order is **denied**.

DONE and ORDERED this 10th day of December, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE